


ORIGINAL

# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# AUGUSTA DIVISION

| | |
|---|---|
| ELLEN A. CAUTHEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. |
| | ) **CV103-187** |
| | ) |
| RICHMOND COUNTY | ) |
| BOARD OF EDUCATION | ) |
| and DR. CHARLES G. LARKE, | ) |
| individually and in his official capacity | ) |
| as Superintendent of the Richmond | ) JURY TRIAL DEMANDED |
| County Public Schools, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## COMPLAINT

COMES NOW, Plaintiff Ellen A. Cauthen, ("Cauthen"), and files her Complaint against the above-named Defendants on the following grounds:

## INTRODUCTION

1.

This is an action for age and race discrimination pursuant to 42 U.S.C. § 1981, 42 U.S.C. § 1983, the Equal Protection Clause of the Fourteenth

Amendment to the United States Constitution and the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq. ("ADEA").  Upon receipt of her Notice of Right to Sue from the Equal Employment Opportunity Commission, Plaintiff will amend her Complaint to add an additional claim of discrimination pursuant to Title VII of the Civil Rights Act of 1964, as amended.

2.

Cauthen is a sixty-three (63) year old white female.  Cauthen is an educator with a career spanning three decades and three states.

3.

Cauthen has devoted her entire adult life to working with children of all ages and races to improve the quality of their academic lives.  Just a few years ago, Cauthen chose to finish out her career working for the Richmond County School Board.

4.

Cauthen has twice been demoted from positions in the Richmond County school system and replaced by less-qualified, younger African-Americans.

5.

In June 2002, Cauthen was demoted from her position as Principal of Sego

Middle School.

6.

Cauthen was replaced by Ronnie Wiggins, a younger, African-American male.

7.

Ronnie Wiggins has less education and work experience than Cauthen.

8.

In June 2003, Cauthen was demoted from her position as Assistant Principal of Laney High School.

9.

Cauthen was demoted to replaced by Vanetta Lawrence ("Lawrence"), a substantially younger African-American woman.

10.

Lawrence has less education and less experience than Cauthen.

## JURISDICTION AND VENUE

11.

The jurisdiction of this Court in invoked pursuant to 28 U.S.C. §§ 1331 and 1337. Venue is proper in the Court under 28 U.S.C. § 1391.

## **PARTIES**

12.

At all times relevant to this action, Cauthen was employed by the Richmond County School Board.

13.

Defendant Richmond County Board of Education ( the "BOE") was created by an Act of the Georgia Legislature, Ga. L. 1949, pp. 1435-1460, and exists as a body politic and corporate in law, acting under the color of law.  The BOE is subject to the jurisdiction of this Court.  The BOE may be served with summons and process upon Dr. Charles G. Larke, Superintendent of the Richmond County Board of Education, at 1083 Heckle Street, Augusta, Georgia 30904.

14.

Defendant Dr. Charles G. Larke ("Larke") is the Superintendent of the Richmond County Public Schools.  As Superintendent, Larke is responsible for the day-to-day administration of the school system and has final policy-making authority over promotional decisions within the school system.  Larke is sued in his official and individual capacities, is subject to the jurisdiction of this Court and may be served with summons and process at his place of business located at 1083

Heckle Street, Augusta, Georgia 30904.

## **FACTUAL ALLEGATIONS**

15.

For the past thirty-seven (37) years, Cauthen has enjoyed a successful career in various public school systems in the southeastern United States as a teacher and an administrator.

16.

Cauthen holds a Masters of Education in Educational Administration degree, an Advanced Certificate in Administration degree, and a Doctorate in Educational Administration.

17.

Cauthen began her career as an educator in North Carolina in 1966. She taught for only three (3) years before earning her first promotion into administration in 1969. Over the next ten (10) years, Cauthen served as an Elementary and Junior High Principal.

18.

Cauthen left North Carolina in 1981 to take a position as a Middle School Principal in the Richland County School District in Columbia, South Carolina.

Cauthen then acted as the Superintendent of Dorchester County District III for two years, and as a High School Principal for one (1) year. From 1987 to 1991, Cauthen worked as the Administrative Assistant to the Superintendent of the Chester County School District. She then accepted a position as Department Director of Education for the South Carolina Department of Juvenile Justice.

19.

In 1995, Cauthen moved to Georgia and accepted a position as the Director of Education for the Georgia Department of Education in Atlanta.

20.

In August 1996, Cauthen accepted a teaching position with the BOE. In less than a year, she was promoted to Assistant Principal at Tubman Middle School.

21.

She served in that position from March 1997 until June 2001.

22.

While at Tubman Middle School, Cauthen consistently received excellent evaluations from her Principal, Dr. Hawthorne E. Welcher.

23.

In July 2001, Cauthen was promoted to Principal at Sego Middle School. Throughout the following year, Cauthen received excellent evaluations.

24.

Defendants demoted Cauthen in June 2002 to the position of Assistant Principal at Laney High School ("Laney").

25.

Defendants replaced Cauthen with Ronnie Wiggins, a younger African-American male.

26.

Defendants transferred Cauthen to Laney where she became the only Caucasian member of the Administration. The faculty and the student body were also almost exclusively African-American.

27.

Even after her demotion, Cauthen strived to make the best of the sometimes challenging situation at Laney. Cauthen got along well with her principal and worked hard to improve the quality of education and administration at the school.

28.

On March 31, 2003, Dr. Hawthorne Welcher, Cauthen's principal, rewarded her hard work with an outstanding performance evaluation for the 2002-2003 school year, earning 4.6 out of a possible 5 points.

29.

Cauthen was also offered and executed a contract for the 2003-2004 school year to serve as Vice Principal at Laney High School.

30.

On June 13, 2003, Defendants again demoted Cauthen, this time to a teaching position, even though they knew she was no longer certified to teach by the Professional Standards Commission. Defendants offered no explanation for Cauthen's demotion, but instead referred her to the BOE's attorney.

31.

Upon information and belief, Defendants put Cauthen in a position teaching eighth grade science, a subject she has never taught before.

32.

By demoting Cauthen and promoting Lawrence, Defendants created an all African-American administration at Laney.

33.

Upon information and belief, Defendants' motivation for demoting Cauthen and promoting Lawrence was the creation of an all African-American administration and faculty at Laney.

## COUNT I: RACE DISCRIMINATION
## 42 U.S.C. § 1983 AND EQUAL PROTECTION CLAIM

34.

Cauthen incorporates herein paragraphs 1 through 33 of her Complaint.

35.

Defendants' conduct as described herein was accomplished under color of state and local law.

36.

Defendants engaged in a pattern and practice of intentional race discrimination by demoting Cauthen and replacing her with Lawrence in violation of 42 U.S.C. § 1983 and the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

37.

At the time of the events alleged herein, the law was well-settled that under

the Fourteenth Amendment to the United States Constitution a public employer may not discriminate against employees in the terms and conditions of their employment because of race.

38.

At the time the Defendants decided to demote Cauthen because of her race, each knew that such conduct was a violation of well-established law and of her Constitutionally protected rights.

39.

Defendants' decision to demote Cauthen because of her race has caused Cauthen to suffer compensatory damages, including mental and emotional harm, in an amount to be determined by the enlightened conscience of the jury.

40.

As a direct result of Defendants' unconstitutional actions, Cauthen suffered and continues to suffer financial and emotional harm, costs and attorney's fees to be proved at trial.

41.

Larke has engaged in discriminatory practices with malice and reckless indifference to Cauthen's federally-protected rights, thereby entitling her to

punitive damages.

## COUNT II: RACE DISCRIMINATION
## 42 U.S.C. § 1981

42.

Cauthen incorporates herein paragraphs 1 through 41 of her Complaint.

43.

The Defendants demoted Cauthen to a teaching position because of her race.

44.

The Defendants' actions above interfered with Cauthen's ability to contract and adversely affected the terms and conditions of her employment because of her race. She brings a claim of discrimination under 42 U.S.C. § 1981.

45.

Defendants' discriminatory conduct has resulted in harm to Cauthen, including but not limited to a loss of benefits, prestige, promotional opportunities, income, as well as mental and emotional distress.

46.

Larke's actions were willful, intentional, malicious, and conducted in bad

faith with callous and/or reckless indifference to her federally-protected rights, thereby entitling Cauthen to an award of punitive damages under 42 U.S.C. § 1981.

## COUNT III: AGE DISCRIMINATION
## 29 U.S.C. § 621 ET SEQ.

47.

Cauthen incorporates herein paragraphs 1 through 46 of her Complaint.

48.

Defendant BOE is a political subdivision of the State of Georgia, and as such is an "employer" as the term is defined under 29 U.S.C. § 630.

49.

Cauthen's age, sixty-three (63), was a substantial or motivating factor in the decision to demote her from Assistant Principal to a teaching position in order to place a younger, less-qualified individual in the Assistant Principal position.

50.

Cauthen filed a timely charge of discrimination with the EEOC on July 9, 2003, alleging violations of the ADEA by the BOE. See Exhibit "B". Cauthen has fulfilled all conditions precedent to the institution of this lawsuit.

51.

As a direct result of the Defendant BOE's demotion of Cauthen to a teaching position, she has suffered losses including but not limited to benefits, wages, prestige, opportunities for advancement and future income, all in amounts to be determined at trial.

52.

Defendants' conduct alleged in this Complaint is a willful and intentional violation of the ADEA, which entitles Cauthen to liquidated damages.

WHEREFORE, Plaintiff demands judgment as follows:

1. Any injunctive relief awarded by the Court, including but not limited to reinstatement to a principal position and/or an award of front pay;

2. Full back pay and benefits of employment in a principal or equivalent position;

3. Liquidated damages;

4. Compensatory damages;

5. Punitive damages against Larke;

6. Prejudgment interest;

7.  Special damages for all out of pocket costs and expenses Cauthen would not have incurred but for Defendants' unlawful discriminatory conduct;

8.  Attorney's fees and expenses as authorized by the ADEA and §§ 1983 and 1981;

9.  Trial by jury; and,

10. Such other and further relief as the Court deems just and proper.

This _19th_ day of November, 2003.

William J. Atkins
Georgia Bar No. 027060
Jonathan D. Loegel
Georgia Bar No. 755706
Katherine S. Birmingham
Georgia Bar No. 058178